## UNITED STATES *v.* CARUTHERS and others.

*(District Court, N. D. Mississippi. December Term, 1882.)*

1. INDICTMENT.

When the act charged in an indictment is fraudulent, it is not necessary to use the word "fraudulent."

2. SAME—APPOINTMEMT OF INCOMPETENT ASSISTANT INSPECTORS OF ELECTIONS —REV. ST. § 5515.

An indictment charging inspectors of elections with the appointment of incompetent and unsuitable persons as assistant inspectors, to be good under section 5515, Rev. St., must state that it was with the intent to affect the election or the result thereof, otherwise it would be insufficient and quashable. These allegations must on the trial be proved to the satisfaction of the jury, beyond a reasonable doubt; if not, no conviction can be had.

3. SAME—QUALIFICATIONS OF.

Although a statute providing for the appointment of persons to fill vacancies or assist as inspectors of elections does not use the words "competent and suitable person," these qualifications are necessarily implied, as the vacancy would not be properly filled unless by one having the same qualification possessed by the person for whom he is substituted.

*G. C. Chander*, Dist. Atty., and *J. R. Chalmers*, Asst. Dist. Atty., for plaintiff.

*H. A. Barr* and *C. B. Howrey*, for defendants.

The questions now presented for decision arise upon defendant's motion to quash the indictment against them. The grounds alleged in support of the motion are that the indictment does not allege any offense against the statutes of the United States under the title of "Crimes." The indictment in substance alleges and charges that the defendants were appointed and acted as inspectors of the election at Taylor's election precinct in Lafayette county, at the election held on the seventh day of November, 1882, for the election of a representa-

tive in congress for the second congressional district of Mississippi; that as such inspectors it became their duty, under the statutes of the state of Mississippi, to appoint some suitable person to act with them as such inspectors; and that said defendants neglected and refused to appoint a suitable person to act as such inspector, but that they did then and there appoint as such inspector one Richard Henderson, who was then and there totally illiterate and wholly incompetent to discharge the duties of said office, with intent to affect the election, or the result thereof.

HILL, J. The question is, was the failure to appoint some person as such inspector who could read and write, and was suitable and competent to discharge all the duties of said office required of the defendants, acting as such inspectors, required by the laws of the state of Mississippi; and, if so, did they fail to do so, either by failing to make the appointment, or by appointing a person wholly illiterate or incompetent and unsuitable to discharge the duty imposed by law upon inspectors of election? The Code of 1880 of this state constitutes the governor, lieutenant governor, and secretary of state a state board of elections, and makes it their duty, as such board, to appoint three competent and suitable persons as county commissioners of elections for each county, and that these boards of county commissioners shall appoint for each election precinct in their respective counties three competent and suitable persons as inspectors of elections, whose duty it is to hold the elections; to receive all legal votes given in at such elections as may be directed by law to be held at their election precincts; to count the votes when the polls are closed, and to ascertain the number of votes cast for each candidate voted for at such election, and to make out a statement thereof to be signed by them; and by one of their number, or by some suitable person to be appointed by them, to cause the said returns, with the tally-sheets and votes, to be returned and delivered to the board of county commissioners within a prescribed time. The statute further provides that if, at such election, either of the inspectors so appointed shall, from any cause, fail to attend and act as such inspector, those who do attend and act shall fill such vacancy by appointing some other person to fill the vacancy.

While the statute, in providing for the filling of such vacancy, does not use the words "competent and suitable person," these qualifications are necessarily implied; the vacancy would not be properly filled unless by one having the same qualifications possessed by the person for whom he is substituted. The statute provides that the boards of

county commissioners, and also the inspectors, shall not all belong to the same political party, provided competent and suitable persons of different parties can be secured to serve as such. The plain meaning of this provision of the statute is that if competent and suitable persons of different parties cannot be secured to serve as such commissioners or inspectors, then it shall be the duty of those making the appointment to appoint competent and suitable persons of the same party. The statute provides, and properly so, that, in any event, competent and suitable persons shall be appointed to discharge these highly important trusts, if such persons can be procured, and the presumption is that every county and election district does contain a sufficient number of such competent and suitable persons to perform these duties, and that, if appointed, they will serve. If any county or district should be so unfortunate as not to contain such persons, they ought to be abolished and added to such as do contain them. It is an impossibility for a person who can neither read nor write to properly discharge the duties of an inspector of such elections; it is their duty to determine what votes are proper to be received and counted, and those properly to be rejected; to ascertain the whole number cast for each candidate, and to make and sign the proper returns.

It is urged for defendants that they can rely upon their associates and clerks. This is no answer to the objection. Each inspector judges for himself, and is not required to rely upon another. The proper discharge of the duties of these officers is a subject in which every voter, as well as the persons voted for, has a vital interest, as well as the whole public.

I am satisfied, from the numerous election cases which have been before me, that the neglect, if not refusal, to appoint competent and suitable persons to act as such election commissioners and inspectors, is the cause of the majority of the election causes which have come before the courts in this state, and an evil that ought to be corrected.

It is insisted that the duty of the defendants, in making the appointments, acted in a judicial capacity, and [are] therefore not liable for any mistakes which they might have made. This is true, if it was a mistake; but the indictment charges that it was done with intent to affect the election or result thereof. This is, in effect, charging that it was fraudulently done. It is true that the word "fraudulent" is not used, but it is not necessary; when the act charged is fraudulent it is not necessary to use the word. The defendants being elec-

tion officers, the indictment, to be good under section 5515 of the Revised Statutes of the United States, under which it is framed, must state that it was with the intent to effect the election, or the result thereof, otherwise it would be insufficient and quashable. These allegations must, on the trial, be proved to the satisfaction of the jury, beyond a reasonable doubt; if not, no conviction can be had.

I am satisfied that the offense is sufficiently charged under the section above referred to and under which it is framed, and that the motion to quash must be overruled.